ZHI KANG GAO, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, The United States Department of Justice, Thomas Ridge, Secretary of the Department of Homeland Security, The Department of Homeland Security, Respondents.

No. 04–6592–ag.

United States Court of Appeals,
Second Circuit.

June 1, 2006.

Douglas B. Payne, New York, NY, for Petitioner.

John Lenoir, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent.

PRESENT: CHESTER J. STRAUB, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of June, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

is hereby ORDERED, ADJUDGED AND DECREED that the petition is DENIED.

Petitioner Zhi Kang Gao (A 70–891–332) petitions for review of a December 9, 2004 order of the BIA denying his motion to reopen BIA proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). We assume the parties' familiarity with the facts and procedural history of the case.

The BIA issued its order of removal in November 2002, and Gao filed his motion to reopen his removal proceedings in September 2004—over 22 months later. Gao's motion to reopen therefore was presumptively untimely, and could be considered by the BIA only if Gao had demonstrated that the country conditions had changed, and that such evidence was material and "was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Gao failed to meet this standard. Gao's wife submitted a statement in which she set forth that the jurisdiction where she obtained their marriage certificate had changed status from a county to a city in 1994. Even assuming that this fact is material, there is nothing in either the record or Gao's brief to indicate that evidence of the change was not available and could not have been discovered or presented at the hearing before IJ Rohan. The forensic report, determining that the signature stamp and the seal on Gao's marriage certificate were counterfeit, was issued in December 1999, apparently five years after the jurisdiction had changed from a county to a city. It is not unreasonable to conclude that Gao could have presented evidence alleging that the city had changed its official notarial stamp and seal at either the May 2000 hearing, when the forensic expert testified, or before the final hearing before the IJ in August 2000.

Indeed, at the May 2000 hearing, the IJ adjourned the proceedings specifically to allow Gao to submit an authenticated document in response to the forensic expert's testimony. At the August hearing before the IJ and in his appeal to the BIA, Gao failed to submit any such documentation or to include evidence that a new notarial stamp and seal were being used in China. Because Gao had ample prior opportunities to present the evidence he offered to the BIA in support of his motion to reopen, the BIA did not exceed its discretion in determining that his motion was untimely.

Accordingly, it is ORDERED that the petition for review is hereby DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.